J. Colby Williams, Esq.
Nevada Bar No. 5549
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
jcw@cwlawlv.com

Attorneys for Defendants
ZUFFA, LLC and UFC Holdings, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON PARK, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, UFC HOLDINGS, LLC, NEULION, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02282-APG-VCF<br><br>**UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>*Action Requested by October 10, 2017* |

4841-4432-2129

Defendants Zuffa, LLC ("Zuffa") and UFC Holdings, LLC ("UFC," and, collectively, "Defendants"), through their attorneys of record, respectfully request that this Court, for good cause, stay all proceedings in this case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on the motion, filed on October 3, 2017, under 28 U.S.C. § 1407, to centralize this and other similar lawsuits filed in federal district courts across the country (the "Actions") for coordinated pretrial proceedings. Specifically, Defendants request the following Order:

1. Defendants' time to answer, move or otherwise respond to Plaintiff's Complaint is hereby extended pending a ruling by the JPML. If the JPML coordinates or consolidates the Actions in this Court, or if it denies centralization, the parties shall contact the Court promptly after receipt of that Order to discuss an appropriate schedule for filing a consolidated or amended complaint, if applicable, and a response date to the operative complaint.

2. By submission of this motion, Defendants are not waiving and expressly reserve any defense, including for failure to state a claim.

In the absence of a stay, Defendants are due to respond to the Complaint by **October 10, 2017**. Counsel for Plaintiff do not oppose the requested stay.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action is one of at least eight lawsuits (the "Actions")[1] pending in multiple United States District Courts across the country alleging violations of state consumer protection laws, among other claims, in connection with the streaming broadcast of the boxing match between Floyd Mayweather and Conor McGregor on August 26, 2017. Zuffa, doing business as the

---

[1] The Actions include: *Bartel v. Showtime Networks, Inc.*, Case No. 3:17-cv-1331 (D. Or.); *Mallh v. Showtime Networks, Inc.*, Case No. 1:17-cv-06549 (S.D.N.Y.); *Garcia v. Showtime Networks, Inc., William Morris Endeavor Entertainment, LLC, Zuffa, LLC*, Case No. 3:17-cv-01803 (S.D. Cal.); *Ferrandini v. Zuffa, LLC, Showtime Networks, Inc.*, Case No. 2:17-cv-06781 (C.D. Cal.); *Vance v. Showtime Networks, Inc., Showtime Digital, Inc.*, Case No. 1:17-cv-6894 (S.D.N.Y.); *Park v. Zuffa, LLC, UFC Holdings LLC, NeuLion, Inc.*, Case No. 2:17-cv-02282 (D. Nev.); *Riley v. Zuffa, LLC, NeuLion, Inc.*, Case No. 2:17-cv-02308 (D. Nev.); *Daas v. NeuLion, Inc., Zuffa, LLC*, Case No. 1:17-cv-06944 (S.D.N.Y.).

2

4841-4432-2129

Ultimate Fighting Championship (or "UFC") is a defendant in five of the Actions, including this one and another case in this Court (in which the parties are seeking an identical order)—*Riley v. Zuffa, LLC,* No. 2:17-cv-2308-APG-GWF. In light of the substantial similarities in the allegations and claims in all of the Actions, defendants in the Actions, including Zuffa in a motion filed on October 3, 2017 have requested that the JPML centralize all the cases before a single judge for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 (the "MDL Motion").

Given the strong likelihood that the Actions will be transferred by the JPML to a single court for pretrial purposes, judicial economy favors a stay and coordination of the Actions. All parties will be unnecessarily burdened if forced to litigate the case actively only to have it transferred and consolidated with other cases for further proceedings. In addition, any action by this Court prior to such transfer would be wasteful of the Court's judicial resources and would create the possibility of inconsistencies in the adjudication of the other Actions. Accordingly, this Court should grant the requested stay pending ruling on the MDL Motion.

## II. ARGUMENT

Under the Multidistrict Litigation Act, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated and consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Although an action is not automatically stayed upon the filing of an MDL Motion, the Court may, in its discretion, grant a stay when it serves the interests of judicial economy and efficiency. It is well-established that a district court has the inherent power to stay proceedings in its own court. *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-CV-01168-MMD-CWH, 2012 WL 3532780, at *2-3 (D. Nev. Aug. 14, 2012), (*citing Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) and granting motion to stay proceedings pending MDL transfer determination).

In the specific context of a case awaiting potential transfer by the JPML, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to consolidate and transfer is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *Esquivel v. BP Co. North Am.*, No. B-10-236, No. B-10-227, No. B-10-237, 2010 U.S.

3

4841-4432-2129

Dist. LEXIS 110015, at *10 (S.D. Tex. Oct. 14, 2010) ("The JPML's guidance concerning the use of stay orders repeatedly stresses that '[a] stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and avoid inconsistent rulings.'"). Indeed, case law is replete with decisions where district courts have stayed preliminary proceedings while awaiting decision from the JPML. *See, e.g., Oregon, ex rel. Kroger v. Johnson & Johnson*, No. 11-CV-86-AC, 2011 WL 1347069, at *7 (D. Or. Apr. 8, 2011) (granting stay pending transfer to the MDL when "the interest of judicial economy and consistency far outweigh any possible harm to Plaintiff resulting from a brief stay"); *Vermurlen v. Ameriquest Mortgage Co.*, No. 1:06-CV-828, 2007 WL 3104339, at *1 (W.D. Mich. Oct. 22, 2007) (granting stay pending transfer to MDL "in the interest of judicial economy and efficiency"); *Buie v. Blue Cross & Blue Shield of Kansas City, Inc.*, No. 05-0534-CV-W-FJG, 2005 WL 2218461, at *1 (W.D. Mo. 2005) (granting stay pending transfer to MDL "in order to avoid duplicative proceedings" where "defendants will be forced to simultaneously litigate the same issues" and the "potential prejudice to plaintiffs is minimal, especially considering that plaintiffs' counsel will be arguing substantially the same issues").

"When considering a motion to stay proceedings pending a possible transfer to an MDL court, a district court may consider factors such as any potential prejudice to the non-moving party, hardship or inequity to the moving party if the proceedings are not stayed, and the interests of judicial economy and efficiency." *Mangani v. Merck & Co.*, No. 2:06-CV-00914-KJD-PAL, 2006 WL 2707459, at *1 (D. Nev. Sept. 19, 2006) (*citing Rivers*, 980 F. Supp. at 1360). In this case, consideration of each of these factors supports granting a stay through the date the JPML rules on the pending motion to coordinate.

**1.    Staying This Case Will Not Prejudice Any Party.**

No party will suffer any prejudice if the case is stayed at this time. No issues of venue, jurisdiction, or other pretrial motion issues have been raised. No discovery has occurred, and the parties have not yet begun meetings and exchanges pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure. And Plaintiff does not oppose this motion. The motion sought is of reasonable duration and will expire upon the JPML's decision on the pending motion.

### 2. Defendants Will Be Significantly Prejudiced If The Case Is Not Stayed.

Courts have widely recognized the prejudice that parties suffer if a complex individual case proceeds with pretrial activity and discovery pending a decision on an MDL transfer. *See, e.g., Hernandez v. ASNI, Inc.*, No. 2:15-CV-00078-LDG-NJK, 2015 WL 3932415, at *1 (D. Nev. June 24, 2015) ("[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case," and then granting such a stay because "the hardship and inequity to [the defendant] would be significant, as denying its request . . . would result in duplicative litigation in multiple courts."); *see also Pate*, 2012 WL 3532780, at *2 ("[a] stay pending an MDL transfer order will avoid duplicative discovery and pretrial management efforts.").

This case is no different. Without a stay, Defendants will face substantial prejudice in that they will be obligated to answer, or otherwise respond to, the complaint; to proceed with a Rule 26(f) conference; and to submit an initial report and proposed discovery plan under Rule 26(f). All of these matters could well occur before the MDL Motion is decided by the JPML, and all would be repeated before the MDL court if the case is transferred. Preliminary matters such as these are commonly handled by the MDL court and should be handled by that court in this case.

As stated previously, Zuffa also is a defendant in four of the other Actions. Plaintiffs in most of the other cases have consented to stays, which Zuffa is in the process of seeking from the other courts so it is not forced to engage in duplicative responses to the complaints and discovery, and to avoid risk of inconsistent orders or rulings in this case and the various other similar cases. This risk can be eliminated in part if this case is stayed pending ruling by the JPML.

### 3. A Stay Of This Case Will Conserve Judicial Resources.

A stay pending a potential MDL transfer is appropriate where it will conserve judicial resources and enhance efficiency. *See, e.g., Hernandez*, 2015 WL 3932415, at *1 (granting motion to stay pending decision on MDL transfer as "resources would be saved by avoiding . . . duplicative litigation."). If this case proceeds before the JPML's ruling, duplicative pretrial proceedings likely would occur. The Court may have to consider and decide motions to dismiss and approve a case management plan. In addition, the Court may become involved in initial discovery disputes. Subsequently, if the case is transferred by the JPML, all of this Court's effort

4841-4432-2129

would be repeated and duplicated by the MDL court and this would "unnecessarily consume judicial time and energy." *Rivers*, 980 F. Supp. at 1360. The Court should therefore stay the case, pending the decision on the MDL Motion, as other courts routinely do in similar circumstances.

### III. CONCLUSION

The Court should exercise its inherent power to stay this case until forty-five (45) days after the JPML rules on the MDL Motion on terms requested above. A stay of this case will not prejudice any party, will protect all the parties from duplicative and burdensome efforts and potentially inconsistent rulings, and will promote judicial economy and efficiency in this litigation. In addition, granting this motion ensures that Defendants will have sufficient time to prepare and respond to the complaint in the unlikely even the MDL Motion is denied.

DATED: October 4, 2017            CAMPBELL & WILLIAMS

*/s/ J. Colby Williams*
J. Colby Williams

Attorneys for Defendants ZUFFA, LLC and UFC HOLDINGS, LLC

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED: 10-13-2017

6
4841-4432-2129

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing **Unopposed Motion to Stay Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation** was served on the 4th day of October, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *J. Colby Williams*
An employee of Campbell & Williams