# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON PARK, JOSHUA RILEY, MICHAEL ADAMI, MEGAN DUNCAN, BENITO ALICEA, JR., PHILLIP GARCIA, HASAN DAAS, BRAD GRIER, WESLEY INMAN, MATT LeBOEUF, LLOYD TRUSHEL, MARK WHITE, and DONGSHENG LIU on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, a Nevada Limited Liability Company (d/b/a "Ultimate Fighting Championship" and "UFC"); and NEULION, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:17-cv-02282<br><br>*Assigned to the Honorable Andrew P. Gordon*<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING OF FAIRNESS HEARING**<br><br>Date Action Filed: Aug. 29, 2017 |

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of the Class Settlement and Approving the Form and Method of Notice to the Class (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the parties for purposes of settlement and asserts jurisdiction over the Class Members for purposes of effectuating this settlement and releasing their claims (all capitalized terms as defined in the Settlement Agreement attached hereto as Exhibit 1); and,

WHEREAS, this Court has considered all of the submissions related to the Motion and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED AS FOLLOWS:

## I.   PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. The terms of the revised Settlement Agreement, including all exhibits thereto (the "Agreement" or "Settlement Agreement"), are preliminarily approved as fair, reasonable, and adequate to the Class, are sufficient to warrant sending notice to the Class, and are subject to further consideration thereof at the Fairness Hearing referenced below. This Order incorporates herein the Agreement, and all of its exhibits and related documents. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings in this Order. The Agreement was entered into after extensive arm's length negotiations by experienced counsel and with the assistance and oversight of an experienced neutral, Lizabeth Hasse at JAMS in Las Vegas. The Court finds that the settlement embodied in the Agreement ("the Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given to the Class as provided in the Agreement and this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the

litigation.

## II. THE CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL

2. The Court provisionally certifies the following Class for settlement purposes only (the "Class"):

> All Persons who, from a United States address, purchased access to stream the Event for viewing as a consumer on UFC.TV, the UFC mobile application, Amazon Fire TV, Apple TV, Microsoft Xbox, Roku, or on LG or Samsung devices

3. Specifically excluded from the Class are: (a) Defendants and their employees, principals, affiliated entities, legal representatives, successors and assigns; (b) any Person who files a valid, timely Opt-Out request; (c) federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof) and (d) the judge(s) to whom this Action is assigned and any members of his, her, or their immediate families.

4. The Court preliminarily finds, for settlement purposes only and conditioned upon the entry of this Order, the Final Order, and Final Judgment, the terms of the Agreement, and the occurrence of the Final Effective Date, that the Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby provisionally certifies the Class for settlement purposes only.

5. The Court preliminarily finds, in the specific context of this Settlement, that: (a) the number of Class Members is so numerous that their joinder in one lawsuit would be impractical; (b) there are some questions of law or fact common to the Class that are sufficient for settlement purposes; (c) the claims of Class Representatives are typical of the claims of the Class Members they seek to represent for purposes of settlement; (d) the Class Representatives have fairly and adequately represented the interests of the Class for settlement purposes and the Class Representatives have retained experienced counsel to represent them whom the Court finds have satisfied the requirements of Fed. R. Civ. P. 23(a)(4)

and 23(g) and are qualified to serve as Class Counsel; (e) the questions of law or fact common to the Class, as pertains to consideration of the Settlement, predominate over any questions affecting any individual Class Member; and, (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy through settlement.

6. The Court designates the following persons as Class Representatives: Cameron Park, Joshua Riley, Michael Adami, Megan Duncan, Benito Aliciea Jr., Hasan Daas, Brad Grier, Wesley Inman, Matt LeBoeuf, Lloyd Trushel, Mark White, Dongsheng Liu, and Phillip Garcia.

7. The Court further preliminarily finds that the following counsel fairly and adequately represent the interests of the Class for settlement purposes and hereby appoints them as Class Counsel pursuant to Fed. R. Civ. P. 23(g): Hart Robinovitch and Caleb Marker of Zimmerman Reed LLP; Bonner Walsh of Walsh PLLC; Timothy J. Peter of Faruqi & Faruqi, LLP; Aaron M. Olson of Haeggquist & Eck, LLP; Eric A. LaGuardia of LaGuardia Law; Drew Ferrandini of Seven Hill Law, APC pursuant to Fed. R. Civ. P. 23(a)(4) and 23(g).

8. If the Agreement is not finally approved by the Court, or for any reason the Final Order and Final Judgment are not entered as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Final Effective Date does not occur for any reason, then:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no force or effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding; and

(b) The provisional certification of the Class pursuant to this Order shall be vacated automatically and the Actions shall proceed as though the Class had never been certified;

(c) Nothing contained in this Order is to be construed as a presumption, concession, or admission by or against Defendants or Plaintiffs of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any action or proceeding, including but not limited to, factual or legal matters relating to any effort to certify the Actions or any Action as a class action;

(d) Nothing in this Order pertaining to the Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in the Actions, including, but not limited to, motions or proceedings seeking treatment of the Action or any action as a class action; and,

(e) All of the Court's prior Orders having nothing whatsoever to do with class certification or the Agreement shall, subject to this Order, remain in force and effect.

### III. NOTICE TO CLASS MEMBERS

9. The Court has considered the Class Notice plan set forth in the Agreement and finds that the Class Notice and methodology as described in the Settlement Agreement and in the Declaration of the Claims Administrator: (a) meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and, (c) satisfies the Constitutional requirements regarding notice. In addition, the forms of notice (a) apprise Class Members of the pendency of the Action, the terms of the proposed settlement, their rights and deadlines under the Settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and, (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves the Class Notice and methodology as described in the Settlement Agreement in all respects.

10. The following deadlines are established:
   a) <u>04/09/2018</u> Date for settlement website (www.UFCPPVsettlement.com) to be established and basic Settlement documents posted [*Date of Preliminary Approval Order + 30 days*];
   b) <u>04/09/2018</u> Date for Settlement Administrator to publish the Settlement Notice and Direct Email Notice [*Date of Preliminary Approval Order + 30 days*] ("Notice Date");
   c) <u>04/09/2018</u> Date Claim Period begins [*Date of Preliminary Approval Order + 30 days*]; and
   d) <u>08/20/2018</u> Date Claim Period ends [*Date of Final Approval Order + 30 days*].

11. The Court further approves, as to form and content, the Long Form Notice, Direct Email Notice and the Short Form Notice, substantially in the form attached to the Settlement Agreement as Exhibits C, D and E, respectively. The Claims Administrator will cause to be published the Long Form Notice on the Settlement Website, and be provided to Class Members via Direct Email Notice, Exhibit D to the Agreement. The Claims Administrator shall send the Short Form Notice with proper postage prepaid, to the addresses of Class Members as identified by Defendants and forwarded to the Claims Administrator whose emails are returned as undeliverable in accordance with §8.3 of the Settlement Agreement.

12. The Court further approves the establishment of an internet website for the Settlement as described in §8.4 of the Settlement Agreement (www.UFCPPVsettlement.com) that will contain the Consolidated Amended Complaint, the Motion for Preliminary Approval, the Preliminary Approval Order, the Settlement Agreement, Settlement Notice, and Claim Forms. The Settlement Website will also identify key deadlines (*e.g.*, the Claims Deadline, the Opt-Out Deadline, Objection Deadline, the date of Final Approval Hearing), direct Class Members on how to submit Claim Forms, and include a "Frequently Asked

Questions" section. The Claim Form found on the Settlement Website shall allow Class Members to complete it electronically.

13. The Court further approves the establishment of a toll-free telephone support line that will provide Class Members with general information about the Action and will respond to frequently asked questions about the Action and claims procedure, as described in §8.5 of the Settlement Agreement. Class Members shall be permitted to request and obtain copies of the Settlement Notice and Claim Forms from the Settlement Administrator by calling the toll-free telephone support line.

14. The Claims Administrator selected by Class Counsel is Angeion Group, who is approved to serve as the Claims Administrator. Responsibilities of the Claims Administrator are found in the Agreement. Not later than fourteen (14) days before the date of the Final Approval Hearing, the Claims Administrator shall file with the Court (a) the total number of Persons who have submitted timely and valid Opt-Out requests from the Settlement Class and Objections to the Settlement, and the names of such Persons; and (b) prepare a declaration attesting to compliance with Class Notice requirements set forth in the Agreement.

15. Consistent with Section X of the Agreement, Defendants will pay all actual fees and expenses for: (a) the costs of preparing and disseminating the notices; (b) the other Administration Expenses, including payments made for the services of the Settlement Administrator and third-party expenses; and (c) fees and expenses incurred by the Settlement Administrator in the course of completing any tasks not enumerated in this Settlement Agreement but which the Court requires.

## IV. REQUEST FOR EXCLUSION FROM THE CLASS

16. Class Members who wish to be excluded from the Class must mail a written request for exclusion to the Claims Administrator at the address provided

in the Long Form Notice postmarked by \_\_\_\_06/08/2018\_\_\_\_ [*Notice Date + 60 days*]. The Opt-Out request must contain the requestor's name, address, the words "I wish to be excluded from the *Park, et al. v. Zuffa, LLC, et al.* Class Action," and signature, substantially in a form similar to the Request for Exclusion identified in Exhibit G attached to the Agreement.

17. Potential Class Members who timely and validly exclude themselves from the Class shall not (a) be bound by any orders or the Final Approval Order nor by the Releases contained in the Agreement; (b) be entitled to any relief under the Settlement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of this Agreement.

18. Any potential Class Member that does not properly and timely exclude themselves from the Class shall remain a Class Member and shall be bound by all the terms and provisions of the Agreement and the Settlement, and by any Orders entered by the Court, including the Final Approval Order.

## V. OBJECTIONS

19. Any Class Member who has not requested exclusion and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement, or to any award of Attorneys' Fees and Expenses sought, or any individual service awards to any Class Representative must file with the Clerk of Court and provide a copy to the Settlement Administrator, Class Counsel, and Defendants' Counsel at the addresses listed below, on or before \_\_\_\_06/08/2018\_\_\_\_ [*Notice Date + 60 days*], a written statement of their objection, as described in Section IX of the Settlement Agreement.

| **Clerk of the Court** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court U.S. District Court District of Nevada | ZIMMERMAN REED Hart L. Robinovitch 14646 N. Kierland Blvd. | KELLEY DRYE & WARREN LLP Jeffrey S. Jacobson |

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT    7

333 Las Vegas Blvd. S.     Suite 145             101 Park Avenue
Las Vegas, NV 89101      Scottsdale, AZ 85254    New York, NY 10178

20. To be considered valid by the Court, any objection must be in writing and include the following information:

     a) The case name and number, *Park, et al. v. Zuffa LLC, d/b/a Ultimate Fighting Championship and UFC, et al.*, Case No. 2:17-cv-02282-APG-VCF (D. Nev.);

     b) The name, address, telephone number, and, if available, the email address of the Person objecting;

     c) The name and address of the lawyer(s), if any, who is representing the Person objecting in making the Objection or who may be entitled to compensation in connection with the Objection;

     d) A detailed statement of Objection(s), including the grounds for those Objection(s);

     e) Copies of any papers, briefs, or other documents upon which the Objection is based;

     f) A statement of whether the Person objecting intends to appear at the Final Approval Hearing, either with or without counsel

     g) The identity of all counsel (if any) who will appear on behalf of the Person objecting at the Final Approval Hearing and all Persons (if any) who will be called to testify in support of the Objection;

     h) A statement of her/his membership in the Settlement Class, including all information required by the Claim Form;

     i) The signature of the Person objecting, in addition to the signature of any attorney representing the Person objecting in connection with the Objection; and

     j) A detailed list of any other objection by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement. This information is requested in order to assist the Court in determining whether the Objection is made by a professional objector seeking financial consideration for their

efforts. Failing to provide this information will not affect the validity of the Objection, but may result in the Court presuming that the Objection is made by a professional objector.

21. Class Members may submit an objection either on their own or through an attorney retained at their own expense, however, each individual Class Member objecting to the Settlement, in whole or part, shall personally sign the objection. No objection that fails to satisfy these requirements and any other requirements found in the Long Form Notice shall be considered by the Court.

## VI. FAIRNESS HEARING

22. The Fairness Hearing will be held on **July 20, 2018 at 9:00 a.m.** _____ [*Notice Date + 90 days*] in Courtroom **6C** of this Court, located at 333 Las Vegas Blvd. S. Las Vegas, NV 89101. At the Fairness Hearing, the Parties will jointly request the Court to enter the Final Approval Order, which: (a) grants final approval of the certification of the Settlement Class; (b) designates the Class Representatives; (c) designates Class Counsel conditionally approved in the Preliminary Approval Order; (d) grants final approval to the Settlement and establishes the Agreement as fair, reasonable, and adequate to the Settlement Class; (e) provides for the Release of all Released Claims and enjoins Settlement Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims; (f) orders the entry of judgment for Defendants on all claims, causes of action, and counts alleged in the Action, and incorporates the Releases stated in the Agreement, with each of the Parties to bear its or his own costs and attorneys' fees, except as provided by the Agreement; (g) authorizes the payment by Defendants of Class Counsel's Fee and Expense Award in accordance with the terms of the Agreement; and (h) preserves the Court's continuing jurisdiction over the administration of the Settlement and enforcement of the Agreement.

23. On or before **July 6, 2018** _____ [*Date of Fairness Hearing - 14*

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT 9

*days*], Class Counsel shall file with the Court any Motion in Support of Final Approval of the Settlement, supporting memoranda, and/or other materials.

24. On or before __May 29, 2018__ [*Notice Date + 50 days*], Class Counsel seeking an award of attorneys' fees and costs under Section VIII of the Settlement Agreement, as may be permitted, shall file with the Court and serve Class Counsel and counsel for Defendants, any Petition For Attorneys' Fees and Costs, supporting memoranda or other materials.

25. On or before __May 29, 2018__ [*Notice Date + 50 days*], any Class Representative seeking a service award under Section VII of the Settlement Agreement, as may be permitted, shall file with the Court and serve Class Counsel and counsel for Defendants, any application for a Class Representative Service Award.

26. Notwithstanding paragraphs 24 and 25, Class Counsel and the Class Representatives may file updated time records or declarations prior to the Fairness Hearing that reflect additional work completed and which they wish the Court to consider.

27. Any Reply briefs in Support of the Petition for Attorneys' Fees and Costs, or Application for a Class Representative Service Award shall be filed on or before __June 22, 2018__ [*Notice Date + 74 days*].

28. The date and time of the Fairness Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court, on the Court's website, and/or the settlement website at www.UFCPPVsettlement.com.

**VII. STAY OF LITIGATION**

29. Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement, all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the Agreement or this Order, are

stayed and suspended, until further order from this Court.

30. Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Class), shall commence, continue, or prosecute against any of the Released Parties (as that term is defined in the Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Agreement. Pursuant to 28 U.S.C. § 1651(a) and § 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Litigation.

31. Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement, except the Reserved Claims.

## VIII. CONFIDENTIALITY

32. Any information received by the Claims Administrator or any other person in connection with the Settlement that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Class Counsel, Settling Plaintiff's Counsel, Defendants, Defendants' Counsel, the Court, and as otherwise provided in the Agreement.

## IX. OTHER PROVISIONS

33. The parties are authorized to take all necessary and appropriate steps

to establish the means necessary to implement the Agreement.

34. The deadlines set forth in this Order, including, but not limited to, adjourning the Fairness Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members – except that notice of any such extensions shall be included on the Settlement website (www.UFCPPVsettlement.com). Class Members should check the Settlement website regularly for updates and further details regarding extensions of these deadlines.

35. Class Counsel and Defendants' Counsel are hereby authorized, without needing further approval from the Court, to agree to and adopt non-substantive amendments to, modifications of, and/or expansions of the Settlement Agreement, if such changes are consistent with this Order and do not limit the rights of any person or Class Member entitled to relief under the Agreement. All substantive amendments, modifications, and/or expansions shall be submitted to the Court in the form of a joint motion for approval. An example of a non-substantive amendment, modification, and/or expansion includes, but is not limited to, the need to extend a deadline contained in the Agreement for administrative purposes, and minor changes to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

36. The Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

**IT IS SO ORDERED.**

Dated: February 22, 2018.

_____
UNITED STATES DISTRICT JUDGE