# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CAMERON PARK, JOSHUA RILEY,
MICHAEL ADAMI, MEGAN DUNCAN,
BENITO ALICEA, JR., PHILLIP GARCIA,
HASAN DAAS, BRAD GRIER, WESLEY
INMAN, MATT LeBOEUF, LLOYD
TRUSHEL, MARK WHITE, and
DONGSHENG LIU on behalf of themselves
and all others similarly situated,

        Plaintiffs,

        v.

ZUFFA, LLC, a Nevada Limited
Liability Company (d/b/a "Ultimate
Fighting Championship" and "UFC");
and NEULION, INC., a Delaware
Corporation,

        Defendants.

Case No. 2:17-cv-02282-APG-VCF

**ORDER GRANTING MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND
CERTIFYING SETTLEMENT CLASS**

[ECF No. 99]



    The plaintiffs' motion for final approval of the settlement of this class action **(ECF No. 99) is GRANTED.** I find and order as follows:

## I.    FINAL APPROVAL OF SETTLEMENT AGREEMENT AND DISTRIBUTION OF SETTLEMENT BENEFITS

    1.    This court has subject matter jurisdiction over this case (the "Action") and personal jurisdiction over all parties to this Action, including all Settlement Class members, as that term is defined in the Settlement Agreement.

    2.    The Action involves a dispute stemming from online streaming Pay-Per-View ("PPV") sales to an August 26, 2017 "unprecedented superfight" between boxer Floyd Mayweather and UFC fighter Conor McGregor – one of the biggest sporting events in history (the "Event"). Thousands of consumers purchased the PPV broadcast of the Event, including the ability to watch a series of preliminary bouts, from Zuffa LLC d/b/a/ "Ultimate Fighting

Championship' or "UFC" ("Zuffa") via its various platforms including UFC.com, UFC.tv, UFC Fight Pass, and the UFC app (as well as through partners Amazon.com, Inc., Apple, Inc. and Microsoft Corporation). The standard price was $99.99. Zuffa contracted with NeuLion, Inc. ("NeuLion") to provide streaming and other services. A problem arose when thousands of those PPV purchasers could not view in real time the entire Event, or at least parts of the main bout or the preliminary bouts, due to a technical problem in Defendants' online streaming system. Plaintiffs allege that this frustrated those consumers' transactions and their ability to fully receive what they contracted to receive for their payment. In the days that followed the Event, Defendants provided refunds to over 90,000 consumers who its server logs showed did not live stream any part of the Event or who submitted complaints to Defendants. Up to 208,000 customers who purchased the PPV streaming through Defendants in the United States were potentially affected in some way by the streaming disruption, however, and Defendants did not provide refunds to people who had been able to watch at least part of the Event and who did not complain about any inability to watch any parts they missed. Defendants also did not provide refunds directly to those who purchased through Amazon, Apple and Microsoft, although those partners provided thousands of refunds directly to their purchasers. In the days after the Event, several class action lawsuits were filed. Plaintiffs contended that Defendants had not made all Class members whole by providing an opportunity for all those who missed part of the Event to claim a full or partial refund of their PPV purchase price, and/or by providing an opportunity to claim additional compensation for their alleged injuries, such as reimbursing them for other out-of-pocket expenses that they incurred in relation to the Event (such as food, drink and other costs associated with hosting and entertaining guests). This Settlement fairly and adequately resolves the Plaintiffs' disputed class claims taking into account the risks, costs and delays of further litigation. The Settlement provides tiered refunds to Settlement Class members who complete and timely submit a claim form to the Claims Administrator, based on the extent of the streaming disruption that they attest under penalty of perjury that they experienced. Class members will also receive compensation if they incurred out-of-pocket losses, beyond the PPV purchase price, from their

inability to live-stream the Event.  This compensation for out-of-pocket losses is in addition to the cash refunds that Class members may claim, and will take the form of a 3-month UFC Fight Pass Credit, valued at $30, if the Class member attests that they incurred more than $30 in expenses related to the PPV (such as on food and beverages purchased to consume while watching the Event or hosting guests), substantiated with receipts.  Alternatively, they can elect to receive $5 in cash.  A one-month UFC Fight Pass Credit, valued at $10, is made available to claimants that do not substantiate their claim with receipts.

3.    The parties to the Action entered into a Settlement Agreement (the "Agreement" or "Settlement Agreement"), that was executed in February 2018. ECF NO. 56-4. Following a hearing on Plaintiffs' Motion for Preliminary Approval of Settlement on February 22, 2018, I granted the Motion, found that the Settlement terms fell within the range of reasonableness, conditionally certified a settlement class pursuant to Fed. R. Civ. P. 23(b)(3), and directed that the notice of the settlement be disseminated to the members of the Settlement Class by the Claims Administrator in accordance with the Settlement's notice plan. ECF No. 71.  The settlement notice provided members of the Settlement Class information about the litigation and settlement, an opportunity to submit claims, and a manner to voice objections or exclude themselves from the Settlement Class, preserving all rights. *Id.*

4.    On July 20, 2018, I held a Final Fairness Hearing, allowing the parties and members of the Class to be heard on all issues related to the proposed settlement.

5.    The findings below are based on my review of the record and arguments of counsel.

6.    The terms of the Settlement Agreement, including all exhibits thereto, are approved as fair, reasonable, and adequate to the Class as a whole.  I expressly incorporate the Settlement Agreement, including all exhibits thereto, which are attached to the Declaration of Hart Robinovitch filed February 5, 2018 (ECF No. 56-4), into this Final Order and Judgment. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings in this Order.  The Agreement was entered into after extensive arm's length negotiations

3

by experienced counsel and with the assistance and oversight of an experienced neutral, Lizabeth Hasse at JAMS in Las Vegas. In making this determination, I have considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation. I find that the Settlement represents a reasonable compromise of disputed legal and factual issues.

7.    The parties are ordered to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement without delay.

## II.    CERTIFICATION OF THE SETTLEMENT CLASS, CONTINUED APPOINTMENT OF THE CLASS REPRESENTATIVES AND CLASS COUNSEL

8.    I find the Class meets all applicable requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and certify the following Class for settlement purposes only according to those provisions:

> All Persons who, from a United States address, purchased access to stream the Event for viewing as a consumer on UFC.TV, the UFC mobile application, Amazon Fire TV, Apple TV, Microsoft Xbox, Roku, or on LG or Samsung devices (The "Class").

Specifically excluded from the Class are: (a) Defendants and their employees, principals, affiliated entities, legal representatives, successors and assigns; (b) any Person who files a valid, timely Opt-Out request; (c) federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof); and, (d) me and members of my immediate family.

9.    Class certification is for settlement purposes only and conditioned upon the entry of this Order, the Final Order, and Final Judgment, the terms of the Agreement, and the occurrence of the Final Effective Date.

10.    Based upon the facts and evidence in the record, I find (a) the number of Class members is so numerous that their joinder in one lawsuit would be impractical; (b) there are some questions of law or fact common to the Class that are sufficient for settlement purposes; (c) the

claims of Class Representatives are typical of the claims of the Class members they seek to represent for purposes of settlement; (d) the Class Representatives have fairly and adequately represented the interests of the Class for settlement purposes, and the Class Representatives have retained experienced counsel to represent them, whom I find have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g) and are qualified to serve as Class Counsel; (e) the questions of law or fact common to the Class, as pertains to consideration of the Settlement, predominate over any questions affecting any individual Class member; and, (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy through settlement. The Class is ascertainable. Membership in the class can be determined through objective means. There are no manageability problems.

11.    I confirm the appointment of the following persons as Class Representatives: Cameron Park, Joshua Riley, Michael Adami, Megan Duncan, Benito Aliciea Jr., Hasan Daas, Brad Grier, Wesley Inman, Matt LeBoeuf, Lloyd Trushel, Mark White, Dongsheng Liu, and Phillip Garcia. Based on the declarations that each filed (ECF Nos. 85-97), each has adequately discharged his or her duties to represent the best interests of the Class.

12.    I find that the following counsel have fairly and adequately represented the interests of the Class and I confirm their appointments as Class Counsel pursuant to Fed. R. Civ. P. 23(a)(4) and 23(g): Hart Robinovitch and Caleb Marker of Zimmerman Reed LLP; Bonner Walsh of Walsh PLLC; Timothy J. Peter of Faruqi & Faruqi, LLP; Aaron M. Olson of Haeggquist & Eck, LLP; Eric A. LaGuardia of LaGuardia Law; Drew Ferrandini of Seven Hill Law, APC. Based on the declarations that each filed (ECF Nos. 78, 80-84), each has adequately discharged his duties to represent the best interests of the Class. In addition, Plaintiffs' local counsel, David Markman, has adequately discharged his duties to represent the best interests of the Class.

## III.    THE NOTICE TO CLASS MEMBERS SATISFIES DUE PROCESS

13.    I have considered the Class Notice plan set forth in the Agreement and implemented by the Claims Administrator, and I find that it: (a) meets the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitutes the best notice practicable under the

circumstances to all persons entitled to notice; and (c) satisfies the Constitutional requirements regarding notice. In addition, the forms of notice (a) apprised Class members of the pendency of the Action, the terms of the proposed settlement, their rights and deadlines under the Settlement; (b) was written in simple terminology; (c) was readily understandable by Class members; and (d) complies with the Federal Judicial Center's illustrative class action notices. I approve the Class Notice and methodology as described in the Settlement Agreement in all respects.

14.    I find that the dissemination of the Class Notices appended as exhibits to the Settlement Agreement (the Direct E-Mail Notice, the Long Form Notice, and the Short Form Notice, substantially in the form attached to the Settlement Agreement as Exhibits C, D and E, respectively, as well as the maintenance of the settlement website) were implemented in accordance with the Order granting preliminary approval. *See* Declaration of Troy Walitsky at ¶¶ 6-19.

15.    I have reviewed the declarations filed by the Settlement Administrator (Troy Walitsky of Angeion Group) and of Brian Buckley of Amazon.com, Inc. To date, the Settlement Administrator has fulfilled its responsibilities as set forth in the Settlement Agreement. The Settlement Administrator is directed to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement.

16.    The notice given by Defendants to state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute. *See* Walitsky Declaration at ¶6.

## IV.    REQUESTS FOR EXCLUSION FROM THE CLASS

17.    On July 3, 2018, the Settlement Administrator filed a list of three Class members (Christopher Meyers, Ethan Baker, and John Swanson) who timely submitted a signed request to be excluded from the Class by the June 8, 2018 deadline, complying with all requirements of Paragraph 9.3 of the Settlement Agreement. *Id.* at ¶21 and Exhibit F.

18.    Those who timely excluded themselves from the Class and appear on the opt-out list filed by the Claims Administrator are not bound by the Agreement, the Settlement, or the Final Order and Final Judgment, including the Release.

19.      All Class members who did not timely exclude themselves from the Class prior to the June 8, 2018 deadline remain members of the Settlement Class and are bound by all terms and provisions of the Settlement Agreement and the Final Order and Judgment, including the Release, whether or not such Class Member objected to the Settlement or submitted a Claim Form.

## V.       OBJECTIONS TO THE SETTLEMENT

20.      No timely objections to the Settlement have been made. *Id.* at ¶22.

21.      To the extent any objections have been presented by Class members to the fairness, reasonableness, or adequacy of the Settlement, to any award of Attorneys' Fees and Expenses, to any awards to any Class Representative, to certification of the Settlement Class and appointment of Class Representatives and Class Counsel, and any other matter, they have been duly considered, are found to lack merit, to fail to raise any *prima facie* grounds for questioning the fairness, reasonableness and adequacy of the Settlement, and are all overruled in their entirety.

22.      Any objections made by persons who are not members of the Class are found to lack standing and/or are otherwise overruled.

## VI.      DISMISSAL OF CLAIMS

23.      All Released Claims in the Consolidated Amended Complaint are dismissed with prejudice.

## VII.     RELEASE AND WAIVER

24.      I approve the Release and Waiver set forth in Section XII of the Settlement Agreement.

25.      In consideration for the Settlement, the Plaintiffs, Class Representatives, and each Class Member, on behalf of themselves and any other legal or natural persons who may claim by, through or under them, agree to fully release and forever discharge the Released Parties from those claims asserted in the Consolidated Amended Complaint, which involve the advertising, marketing, promotion and purchase of access to stream the Event, and any monetary relief or damages flowing from such claims, including restitution, disgorgement and consequential damages.

26.     In consideration for the Settlement, Defendants and their past or present officers, directors, employees, agents, attorneys, predecessors, successors, affiliates, subsidiaries, divisions, and assigns release all known actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, contingent or absolute, that Defendants now have against Plaintiffs, Class Representatives, or Class Counsel by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Action, except with respect to any breach of the terms of this Agreement by any of Plaintiffs, Class Representatives, or Class Counsel.

27.     Each of the Releasing Parties shall forever refrain from instituting, filing, maintaining, prosecuting, or continuing any suit, action, claim, or proceeding against any of the Released Parties in connection with any of the Released Claims ("Precluded Actions") except with respect to any breach of the terms of the Agreement by Defendants, Defendant's Counsel, or the Released Parties.  If any of the Releasing Parties does institute, file, maintain, prosecute, or continue any such Precluded Actions, Plaintiffs and Class Counsel shall cooperate with the efforts of any of the Released Persons to obtain dismissal with prejudice.  The Releases shall be a complete defense to, and will preclude, any Released Claim in any suit, action, claim, or proceeding.

## VIII.   CLAIMS ADMINISTRATION

28.     I order the parties to the Settlement Agreement and the Claims Administrator to perform their obligations pursuant to the terms of the Settlement Agreement.

29.     Consistent with Sections XIII and XVI of the Settlement Agreement, I order that no payments to Eligible Claimants under the terms of the Settlement Agreement shall be made until the time to appeal from this Order and Judgment has expired, or this Order and Judgment remains unmodified after the conclusion of any appeal(s).

/ / / /

/ / / /

## IX.    STAY OF LITIGATION LIFTED

30.    Upon passage of the Effective Date of the Settlement, any stay of proceedings pursuant to Paragraphs 30 and 31 of my February 22, 2018 Order granting Preliminary Approval to the Settlement (ECF No. 71) is lifted.

## X.    ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

31.    The Settlement Agreement allowed Class Counsel to collectively petition for payment of attorneys' fees and costs from Defendant up to $900,000.00. Settlement Agreement ¶7.1. ECF No. 56-4.

32.    I find that Class Counsel's efforts litigating this case and securing the pool of settlement benefits defined in the Settlement Agreement have benefited the members of the Settlement Class and they should be compensated for their time, effort, risk and expenses advanced.

33.    Class counsel have each submitted declarations detailing the time, efforts, and expenses advanced prosecuting this case for the benefit of the Class. ECF Nos. 78-84. Additional work in the future will also be necessary.

34.    Based on the foregoing, I award Class Counsel $900,000 in total attorneys' fees and expenses.

35.    The amount awarded is fair, adequate and reasonable pursuant to both the percentage of the benefit and lodestar methods of awarding attorneys' fees in class actions.

36.    Class Counsel are directed to allocate the total amount of attorneys' fees and expenses awarded amongst themselves and local counsel in an equitable manner within 30 days. I retain jurisdiction over any disputes that may arise in that process. If disputes arise in that process, they should be presented to the court for resolution within 45 days of entry of this order.

37.    The amount awarded shall be paid by the Settlement Administrator to Zimmerman Reed LLP Trust Account for distribution to all Class Counsel and local counsel in the manner agreed or as otherwise ordered by the court.

/ / / /

38.    Each of the Class Representatives has filed a declaration describing the general time, efforts and risks assumed pursuing this litigation for the benefit of the Settlement Class. ECF Nos. 85-97.

39.    The time, effort, and risks assumed by the Class Representatives benefited the members of the Settlement Class, and Class Representative Service Awards are appropriately awarded to each. Service awards of $1,500.00 each shall by paid by the Settlement Administrator to Cameron Park, Joshua Riley, Michael Adami, Megan Duncan, Benito Aliciea Jr., Hasan Daas, Brad Grier, Wesley Inman, Matt LeBoeuf, Lloyd Trushel, Mark White, Dongsheng Liu, and Phillip Garcia.

## IX.    OTHER PROVISIONS

40.    Class Counsel and Defendants' Counsel are hereby authorized, without needing further approval from the court, to agree to and adopt non-substantive amendments to, modifications of, and/or expansions of the Settlement Agreement, if such changes are consistent with this Order and do not limit the rights of any person or Class Member entitled to relief under the Settlement Agreement. All substantive amendments, modifications, and/or expansions shall be submitted to the court in the form of a joint motion for approval. An example of a non-substantive amendment, modification, and/or expansion includes the need to extend a deadline contained in the Settlement Agreement for administrative purposes.

## X.    JUDGMENT

Judgment shall be entered on the terms of the Settlement Agreement as set forth in this Final Order. I dismiss all Released Claims and causes of action asserted in the Action, with prejudice, as to the Class Representatives and all Settlement Class members. This dismissal is without cost to any party, except as specifically provided in the Settlement Agreement.

Without affecting the finality of this Final Order, I retain jurisdiction in this Action over: (a) implementation and enforcement of the Settlement Agreement, until such time as the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties shall have been performed pursuant to the Settlement Agreement,

including all payments set forth thereunder; (b) any other action necessary to conclude this settlement and implement the Settlement Agreement; and, (c) the administration, consummation, enforcement, and interpretation of the Settlement Agreement.

I find there is no just reason to delay entry of Judgment. The Clerk is directed to enter Judgment in this case.

DATED this 20 day of July, 2018

_____
The Honorable Andrew P. Gordon
Judge, United States District Court